# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAGUAR ROSADO | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| LOWES HOME IMPROVEMENT | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Jaguar Rosado ("Plaintiff") was at all times relevant to this complaint a resident of Dover, Delaware.

2. Defendant, Lowes Home Improvement, ("Defendant") is a public corporation organized and existing under the laws of the State of North Carolina.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et. seq., as amended by the Civil Rights Act of 1991, §704 of Title VII. Accordingly, this Court has jurisdiction over the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

## VENUE

4. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Prior to the filing of this action, the plaintiff timely filed a written charge of discrimination and retaliation with the State of Delaware Department of Labors and Equal Employment Opportunity Commission on December 22, 2020.

6. The Equal Employment Opportunity Commission issued Plaintiff a "Right to Sue Notice" which was received by Plaintiff June 25, 2021. Notice of Right to Sue Notice attached as Ex. 1.

## FACTS

7. Jaguar Rosado is a 33 year old female African American who has been a loyal and hardworking employee of Lowe's since September 2018 at its Brandywine Center store.

8. Her direct supervisor was 33 year old David Hardy.

9. However, the relationship changed around September 2019.

10. Throughout her employment at Lowe's, Hardy had romantic relationships with various female employees which in turn caused friction at the store.

11. On September 20, 2019, Hardy's relations with a woman named Shania caused disruption at the store when they stopped dating.

12. He took her off the schedule, altered the work schedule, and refused to give her the shifts she wanted.

13. All of these actions were taken to force Shania to quit as retribution for spurning his sexual overtures.

14. In Summer 2019, Hardy began another relationship with a 19 year old female employee, Elaina.

15. Hardy invited Elaina to her house to smoke hookah, during that same conversation Hardy told Elaina that she was growing into a "little baddie".

16. Hardy and Elaina often had discussions in his private office where he treated her move favorably than females such as Rosado who were not in a relationship with him.

17. Elaina eventually ended up quitting over the relationship.

18. Hardy was well known for "hitting on" and sleeping with female employees.

19. In August 2019, Rosado attended a post work event at a local TGIF restaurant.

20. At the event, Hardy groped Rosado and grabbed her buttocks.

21. At the time, Hardy was romantically involved with a cashier at the store.

22. In September 2019, there was a lot of tension at the store as a result of the hostile work environment that Hardy created.

23. Although Hardy's actions were well known previously to management, Rosado reported Hardy's sexual harassment in February 2020.

24. Immediately after reporting Hardy's harassment, Rosado was written up for insubordination.

25. On March 4, 2020, Rosado called in her complaint of sexual harassment by phone to human resources with a follow up email.

26. Subsequently, employees took leave because of Covid-19.

27. On March 18, 2020, Rosado called human resources and requested an extension for leave because of Covid-19 issues.

28. Rosado was instructed to submit it through human resources. She was also informed that there had not yet been a determination made regarding her sexual harassment complaint.

29. Hardy, the same individual she made a complaint about harassment against, was the decision maker who denied her extension for leave request.

30. She was told to return to work on March 23, 2020 and was informed of her termination on March 24, 2020.

31. On April 1, 2020, Rosado complained that she was retaliated against by Hardy.

32. Hardy's sexual harassment and hostile work environment continued throughout Rosado's employment.

33. She never heard from Lowe's regarding her retaliation complaint or the results of her discrimination complaint.

## **COUNT I: SEX DISCRIMINATION/SEXUAL HARASSMENT**

34. Plaintiff restates and realleges paragraphs 1–33, inclusive, as though set forth here in full.

35. Such acts as described above by defendants, its agents and employees, constitute unlawful race discrimination and racial harassment against Plaintiff in violation of Title VII, 42 U.S.C. §2000(6), et seq.

36. Here, Rosado and similarly situated female were subject to a hostile work environment as outlined above was discriminated against by Lowe's on account of her gender.

37. As a direct and proximate result of Defendants' unlawful discrimination, in the nature of sexual harassment/hostile work environment, by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and the loss of past and future wages and

benefits.

## COUNT II: RETALIATION

38. Plaintiff restates and realleges paragraphs 1–37, inclusive, as though set forth here in full.

39. Such acts as described above by Defendant, its agents and employees constitute unlawful retaliation against Plaintiff for having complained of discrimination and harassment

40. Here, Lowe's retaliated against Rosado after she made a complaint of sex discrimination.

41. Tellingly, after Rosado complained of sex discrimination, no investigation was conducted nor did Lowe's remedy any of the sex discrimination.

42. Rather than remedy the discrimination, Lowe's retaliated against Roado by allowing the accused harasser to terminate her.

42. Lowe's actions in terminating Rosado on account of her gender and in retaliation for her complaint of sex discrimination directly violated her rights under Federal Law.

43. As a direct and proximate result of Defendant's unlawful retaliation, by and through its agents and employees, Plaintiff, has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and lost wages and

lost benefits.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter a judgment in his favor and against the Defendant as follows:

    a.    Declare the conduct engaged in by the defendant be in violation of the plaintiff's statutory rights.

    b.    Ordering the rehiring of the plaintiff at a level which is commensurate with her time and experience, or in lieu thereof granting the plaintiff front pay, to compensate her for her pecuniary losses, which she will suffer as a result of the wrongful conduct of the defendant.

    c.    Award the plaintiff back pay compensation for her pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

    d.    Award the plaintiff sufficient funds to compensate her for her losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

    e.    Award the plaintiff compensatory and punitive damages not otherwise specified.

    f.    Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

    g.    Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and;

    h.    Such other and further relief as this Court feels proper.

**THE POLIQUIN FIRM, LLC**

By: */s/ Ronald G. Poliquin*
Ronald G. Poliquin, Esquire
Delaware Bar ID No. 4447
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5501
Attorney for Plaintiff Jaguar Rosado

Dated: September 20, 2021